# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
HAROLD P. GEWERTER, BAR NO. 499.

No. 73529

FILED

JAN 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Harold P. Gewerter. Under this agreement, Gewerter admitted to violations of RPC 1.15 (safekeeping property) and RPC 8.4 (misconduct). The agreement provides for a one-year suspension, with that suspension stayed for two years. During the two-year stay, the agreement requires Gewerter to submit quarterly audits of his trust account to the State Bar, conducted at Gewerter's expense; to attend a fee dispute program regarding a separate client grievance and pay any resulting award; and to pay $2,500 in administrative fees plus the actual costs of the proceedings pursuant to SCR 120. If Gewerter violates these conditions or another grievance filed against Gewerter results in a formal hearing, the stay would be revoked and discipline would be imposed.

Gewerter has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Gewerter mismanaged his trust account by failing to keep accurate records and by allowing third parties to access trust account checks, leading to his trust account being overdrafted on two occasions.

18-00538

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Gewerter violated duties owed to his clients (safekeeping property) and the profession (misconduct). Gewerter's mental state was with knowledge as he was aware that he was not keeping accurate records of his trust account. While at least one client was delayed in receiving funds, there was no other injury from the trust account mismanagement, but there was potential for injury. The panel found two aggravating factors (prior disciplinary offense and substantial experience in the practice of law) and four mitigating factors (absence of dishonest motive, timely good faith effort to make restitution or to rectify consequences of misconduct, interim rehabilitation, and remoteness of prior offenses).

Based on the most serious instance of misconduct at issue, *see Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2016) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* at Standard 4.12 (providing that suspension is appropriate when an attorney "knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). In light of the foregoing and the mitigating circumstances, we conclude that the agreed-upon stayed one-year suspension is appropriate. The duration of the suspension along with the other conditions imposed are sufficient to serve the purpose of

attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Harold P. Gewerter from the practice of law in Nevada for one year commencing from the date of this order. The suspension shall be stayed for a period of two years so long as Gewerter complies with all of the conditions set forth in the hearing panel's findings of fact, conclusions of law, and recommendation. The parties shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Pitaro & Fumo, Chtd.
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimber K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court